UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FEDERATED MUTUAL INSURANCE COMPANY,

   Plaintiff,

            Case No. 25-cv-1082-pp

 v.

KEVIN M. ROBERTS,

   Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(DKT. NO. 21) AND DISMISSING CASE**

---

On June 24, 2025, the plaintiff filed a complaint for a declaratory judgment, asserting that its commercial insurance policy does not provide the defendant any underinsured motorist (UIM) coverage in connection with a March 2024 automobile accident. Dkt. No. 1. The plaintiff has filed a motion for summary judgment on threshold legal issues, dkt. no. 21, which the defendant opposes, dkt. no. 24.

The court will grant the plaintiff's motion for summary judgment, issue a declaratory judgment that the plaintiff has no further liability to the defendant for the March 2024 accident under the UIM provision of the applicable policy and dismiss the case.

**I. Background**

The parties have stipulated to the following facts for the purposes of summary judgment.

1

A.  The Accident

The case arises from a March 29, 2024 automobile collision that occurred in or near the city of Delafield, Wisconsin. Dkt. No. 23 at ¶1. At the time of the accident, the defendant was driving a vehicle owned by his employer, non-party Fire and Stone Design, Inc. (FSD), in the course and scope of his employment. Id. at ¶2. The defendant was traveling northbound on Hwy 83, approaching the intersection with Hwy 16, when his motor vehicle was struck from behind. Id. at ¶3. The vehicle that struck the defendant's vehicle was operated by non-party John Lange. Id. at ¶4. The defendant sustained injuries and incurred medical expenses because of the accident. Id. at ¶5.

B.  The Defendant's Receipt of Lange's Liability Coverage Limits and Receipt of Worker's Compensation Benefits

American Family Insurance Company insured Mr. Lange under an automobile liability insurance policy with a liability limit of $100,000 per accident. Id. at ¶6. American Family has paid to the defendant its $100,000 liability limit on behalf of Mr. Lange to settle the defendant's tort claim against him. Id. at ¶7.

The plaintiff also is the worker's compensation insurer for FSD. Id. at ¶8. The plaintiff initially paid $4,369.85 to the defendant as worker's compensation benefits for injuries he sustained in the accident. Id. at ¶9. The defendant later reimbursed the plaintiff this amount out of the underlying settlement with American Family. Id. at ¶10. The defendant made this reimbursement under Wis. Stat. §102.29 and the parties' third-party proceeds distribution agreement. Id. The plaintiff then paid an additional $35,000 to the defendant in

2

settlement of all future worker's compensation benefits that might be owed to the defendant because of the accident. Id. at ¶11.

C.    FSD's Insurance Policy

The plaintiff issued FSD a commercial package policy, number 9135627, for the policy period September 25, 2023 to September 25, 2024 (the policy). Id. at ¶12. The policy includes a section called a "Business Auto Coverage Part." Id. at ¶13. The common policy declarations identify FSD, a corporate entity, as the "Named Insured." Id. at ¶14. Prior to issuing the policy, and under the requirements of Wis. Stat. §632.32(4m), the plaintiff provided FSD with notice of the availability of UIM coverage on a form entitled "Wisconsin Commercial Automobile Uninsured Motorists and Underinsured Motorists Coverage Option Form" (UM/IUM option form). Id. at ¶15.

The UM/UIM option form included a brief description of UIM coverage:

**Underinsured Motorist Coverage**

Underinsured Motorist (UIM) Coverage provides insurance protection to an insured for compensatory damages which the insured is legally entitled to recover from the owner or operated or any underinsured motorist vehicle because of bodily injury caused by an automobile accident.

Id. at ¶16 (quoting Dkt. No. 23-3 at 2). The UM/UIM option form included the following statement regarding what coverage options the plaintiff offered on commercial insurance policies issued to entities:

Federated Insurance allows the Named Insured the option to select a limit of UM/UIM coverage that will apply to the directors, officers, partners or owners of the named insured and their family members who qualify as an insured and a different limit of UM/UIM coverage that will apply to any other person who qualifies as an insured.

3

Id. at ¶17 (quoting Dkt. No. 23-3 at 2).

FSD decided to purchase UIM coverage with the following limits: $500,000 for "directors, officers, partners or owners of the named insured and family members who qualify as insureds," and $100,000 for "any other person who qualifies as an insured." Id. at ¶18 (quoting Dkt. No. 23-3 at 2). Based on FSD's selections, the plaintiff issued the policy with form CA-F-93 (10-13), entitled "Uninsured and Underinsured Motorists Limit of Insurance," which states that the UIM limit "for all directors, officers, partners or owners of the named insured and their 'family members' who qualify as 'insureds" under the WHO IS INSURED of the Uninsured and Underinsured Motorists Coverage attached to this policy" is $500,000. Id. at ¶19 (quoting Dkt. No. 23-2 at 10). This form also states that the UIM limit "for any other persons qualifying as 'insureds' under the WHO IS AN INSURED provision of the applicable coverage" is $100,000. Id. at ¶19 (quoting Dkt. No. 23-2 at 10).

The policy includes endorsement form CA 21 45 10 13, titled "Wisconsin Underinsured Motorists Coverage," which states in relevant part:

> We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

Id. at ¶20 (quoting Dkt. No. 23-2 at 6). This provision states that the UIM coverage will be paid if "the limits of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements." Id. at ¶20 (quoting Dkt. No. 23-2 at 6). Endorsement form CA 21 45 10 13 also contains

4

the following provision describing who qualifies as an "insured" for UIM

coverage:

B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

* * * *

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Id. at ¶21 (quoting Dkt. No. 23-2 at 6-7). Under the "Limit of Insurance"

provision of the endorsement form CA 21 45 10 13, the policy states:

2. The Limit of Insurance under this coverage shall be reduced by:

a. All sums paid or payable under any workers' compensation, disability benefits or similar law; and

b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.

Id. at ¶23 (quoting Dkt. No. 23-2 at 7).

D.     The Parties' Dispute over the Applicable Limit

At the time of the accident, the defendant was not a director, officer,

partner or owner of FSD or a family member of any such individual. Id. at ¶24.

In connection with the accident, the defendant qualifies as an "insured" under

the "Who Is An Insured" provision of the Policy. Id. at ¶25. It is the *plaintiff's*

5

position that FSD chose to purchase $100,000 of UIM coverage for insureds such as the defendant, the policy was written in accordance with that choice, and the fact that FSD chose to purchase $500,000 for a different class of insureds (directors, owners, officers, *etc.*) does not violate Wisconsin's UIM statute. Id. at ¶26. The *defendant* argues that the policy violates Wis. Stat. §632.32(3)(a), and therefore that the policy must provide to all insureds—including the defendant—the same $500,000 UIM limit applicable to directors, owners, officers, *etc.* Id. at ¶27.

## II.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A moving party "is 'entitled to a judgment as a matter of law'" when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Still,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

6

Id. (internal quotation marks omitted).

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003) (citing Liberty Lobby, 477 U.S. at 255). "However, [the court's] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." Fitzgerald v. Santoro, 707 F.3d 725, 730 (7th Cir. 2013) (quoting Harper v. C.R. Eng., Inc., 687 F.3d 297, 306 (7th Cir. 2012)). That is, "to survive summary judgment, the non-moving party must establish some genuine issue for trial 'such that a reasonable jury could return a verdict' in her favor." Fitzgerald, 707 F.3d at 730 (quoting Makowski v. SmithAmundsen LLC, 662 F.3d 818, 822 (7th Cir. 2011)).

## III.     Motion for Summary Judgment (Dkt. No. 21)

### A.     Parties' Arguments

#### 1.     *Plaintiff's Brief*

In moving for summary judgment, the plaintiff seeks to resolve the threshold legal question of whether the policy's provision providing different amounts of UIM coverage for different groups of insureds violates Wis. Stat. §632.32(3)(a). Dkt. No. 22 at 8. The plaintiff argues that it does not. Id.

The plaintiff argues that in Wisconsin, UIM coverage is optional and the law mandates only (1) that an insurer notify the named insured that UIM coverage is available and (2) if the named insured opts to purchase UIM

7

coverage, the minimum UIM coverage limits must be $50,000 per person and $100,000 per accident. Id. (citing Wis. Stat. §632.32(4m)(a), (b)). The plaintiff asserts that it complied with these requirements, and that it allowed FSD to purchase coverage limits higher than the statutory minimum and/or select different coverage limits for different classes of insured individuals. Id. at 9. The plaintiff contends that FSD decided to purchase $500,000 of UIM coverage for its owners, directors and officers (and their family members), and $100,000 of UIM coverage for all other persons that qualified as insureds. Id. It argues that the defendant was driving an FSD vehicle at the time of the accident and is not an owner, director, officer of FSD or a family member of any such individuals, so the applicable coverage limit is $100,000 per accident—the statutory minimum. Id. at 10.

The plaintiff argues that the policy terms preclude the defendant from receiving any further compensation for the accident because he already has received payments from the other driver's insurance company and from worker's compensation. Id. at 11. According to the plaintiff, the policy includes a provision that reduces the payable limit by the amount of liability coverage paid on behalf of the other driver and by the amount of worker's compensation benefits paid. Id. The plaintiff asserts that this provision is permissible under Wis. Stat. §632.32(5). Id. It states that the defendant has received $100,000 from the other driver's insurance company and $35,000 in worker's compensation, which reduces the payable limit in the policy to zero. Id. at 11–12. The plaintiff asserts that the other driver involved in the accident was not

8

the driver of an "underinsured motor vehicle" as defined in the policy. Id. at 12. According to the plaintiff, "if the other driver's liability limits equal or exceed the UIM limit [in the policy], the other driver's vehicle does not meet the definition of 'underinsured motor vehicle'." Id. The plaintiff argues that the other driver's liability insurance had a limit of $100,000, which is not less than the $100,000 UIM limit that applies to the defendant, so UIM coverage does not apply for this additional reason. Id.

The plaintiff argues that the UIM coverage in the policy does not violate Wis. Stat. §632.32(3)(a). Id. It asserts that Wis. Stat. §632.32(3)(a) requires "coverage provided to the named insured" to apply "in the same manner and under the same provisions to any person using a motor vehicle described in the policy." Id. at 13. The plaintiff argues that if the named insured (FSD) has no coverage, there is no coverage that can extend to the defendant under this statute. Id. at 13–14. The plaintiff reasons that because UIM coverage applies only to damages for bodily injury and because only natural persons can suffer bodily injury, a corporate entity cannot receive UIM coverage. Id. at 14 (citing Wis. Stat. §632.32(2)(d)). According to the plaintiff, because FSD is a corporate entity, it cannot sustain bodily injury and thus the policy cannot provide UIM coverage to FSD. Id. The plaintiff asserts that if FSD has no UIM coverage, there is no UIM coverage to extend to the defendant under the statute. Id. The plaintiff argues that the "Who Is An Insured" provision of the policy similarly applies only to individuals occupying a covered auto and suffering bodily

9

injury; it argues that FSD neither is an individual occupying a covered auto nor is capable of suffering bodily injury. Id.

The plaintiff argues that even if the statute applied, it does not discuss the amount or limit of coverage that extends from the named insured to other users. Id. at 15. The plaintiff argues that the statute requires that coverage be extended to other drivers only in the "same manner" and "same provisions" as the named insured; it does not require that the same *amount* of coverage be extended to other drivers. Id. at 15–16. The plaintiff argues that Wis. Stat. §632.32(4m)(d) separately addresses the minimum applicable limits for UIM coverage. Id. at 16. It maintains that there is no language requiring that all permissive users have the same amount of UIM coverage as the named insured because UIM coverage is optional under the statute. Id. at 16–17.

The plaintiff also argues that Wisconsin's public policy is to make UIM coverage purely optional for the named insured. Id. at 17. The plaintiff contends that the Wisconsin legislature initially made UIM coverage optional when the provision was added to the statute in 1995. Id. According to the plaintiff, the legislature amended the statute in 2009 to make UIM coverage mandatory, but in 2011 revised the statute again to make UIM coverage optional again. Id. The plaintiff argues that this demonstrates Wisconsin's public policy in favor of allowing named insureds to decide for themselves the type and amount of UIM coverage they wish to purchase. Id. at 18. The plaintiff contends that reading the statute to impose or extend UIM coverage to permissive users would violate this policy. Id.

10

### 2. *Defendant's Response*

The defendant responds that Wis. Stat. §632 is a remedial statute and should be construed to increase, rather than limit, coverage. Dkt. No. 24 at 2 (citing Home Ins. Co. v. Phillips, 175 Wis. 2d 104, 111 (Wis. Ct. App. 1991)). He asserts that the statute prohibits insurers from insuring only certain drivers and guarantees that coverage follows the insured vehicle, rather than the driver. Id. at 3. The defendant argues that the statute requires that all drivers under the policy must receive the same amount of UIM coverage. Id. He contends that applying different levels of UIM coverage for different classes of insureds does not apply coverage "in the same manner and under the same provisions" that the statute requires. Id. at 3–4. The defendant argues that his interpretation is clear from the statutory language, intent and context of the provision. Id. at 4–5.

The defendant asserts that the statute makes no exception for corporate entities. Id. at 5. He argues that the statute contains numerous provisions relating to commercial liability policies, so clearly it does not exclude corporate entities from its requirements. Id. at 5–6. He says that applying different levels of coverage to users because the named insured is a corporate entity goes against the remedial intent of the statute. Id. at 6. According to the defendant, the statute uses the terms "owner" and "named insured" interchangeably; he argues that this fact shows that the statute applies to whoever has control of a vehicle rather than just to the policy holder. Id. The defendant asserts that the Wisconsin Court of Appeals has held that insurance coverage applies to an

11

employee of a corporation even though the "named insured" was a corporate entity. Id. (citing Phillips, 175 Wis. 2d at 111–14). The defendant contends that the Phillips court endorsed a broader reading of "named insured" when a corporation was involved and advised that it should "ignore technical nuances when interpreting sec. 632.32, Stats." Id. (quoting Phillips, 175 Wis. 2d at 111, 113). The defendant maintains that this is consistent with other court cases that have held that insurance coverage extends to individual users even though the named insured was an entity. Id. at 7–8 (collecting cases).

The defendant argues that common sense dictates that UIM coverage extends to him. Id. at 8. He says that FSD is not an independent entity, but is comprised of individuals—specifically the individuals who receive higher levels of UIM coverage under the policy. Id. at 8–9. He contends that because those officers and directors are humans who can sustain bodily injury, they—and by extension, FSD—qualify for UIM coverage. Id. at 9. The defendant asserts that if the named insured on the policy was an individual, there is no dispute that the differing levels of UIM coverage in the policy would violate Wis. Stat. §632.32(3). Id. He argues that corporate entities should not be allowed to circumvent the statute by virtue of their legal status. Id. The defendant observes that the UIM endorsement page of the policy does not identify the "named insured," nor does the policy contain a definition of "named insured," which creates an ambiguity that he says should be resolved in favor of coverage for the insured. Id. at 10.

The defendant argues that the court should reform the policy to comply with the statute. Id. at 11. According to the defendant, the policy contains a clause that any policy terms in conflict with a Wisconsin statute may be amended to conform to the statute. Id. He asserts that courts faced with this situation consistently have held that the proper remedy is to reform the insurance policy to provide coverage. Id. at 11–12. The defendant argues that this means that the court should reform the policy to hold that the defendant is entitled to the higher limit of UIM coverage. Id. at 12. The defendant asserts that after that limit is reduced by the $100,000 he already has received from the other driver's insurance, he is entitled to a remaining total of $400,000 in UIM coverage. Id.

### 3. *Plaintiff's Reply*

The plaintiff replies that the court should reject the defendant's arguments because Wisconsin law does not mandate that insurers provide the same amount of optional UIM coverage for all insureds. Dkt. No. 26 at 1. It argues that the court would need to read into the statute a prohibition against purchasing a higher amount of optional UIM coverage for certain classes of insureds. Id. at 2–3. It says that nothing in the statute addresses whether the insurer must provide the same amount of UIM coverage above the statutory minimum. Id. at 4–5. The plaintiff asserts that the statute is silent as to higher limits of UIM coverage. Id. at 5–6.

The plaintiff argues that the cases the defendant cites are inapplicable because none of them deal with UIM insurance. Id. at 6. According to the

13

plaintiff, those cases address mandatory liability insurance rather than optional UIM insurance coverage. Id. The plaintiff argues that in Phillips, the court expressly limited its decision "to situations in which an insurer knowingly insures cars that are owned by corporation employees or officers and are used for family, nonbusiness purposes." Id. at 7 (quoting Phillips, 175 Wis. 2d at 113). The plaintiff contends that the other cases are similarly distinguishable because they address questions of whether a driver qualifies as an insured in the first place (a question about which there is no dispute here) or analyzing mandatory liability insurance. Id. at 7–9. Finally, the defendant argues that because the legislature made UIM insurance optional, the statute's remedial purpose does not apply to UIM coverage. Id. at 9–10.

B.    Analysis

Under Wisconsin law, the court uses a three-step framework to determine whether a claim is covered by an insurance policy contract. See Am. Fam. Mut. Ins. Co. v. Am. Girl, Inc., 268 Wis. 2d 16, 32–33 (Wis. 2004). But here, the parties do not dispute that the defendant is covered by the policy; rather, they disagree on the *amount* of UIM coverage available to the defendant. The defendant argues that under Wis. Stat. §632.32(3)(a), the policy must provide UIM coverage to him in the same amount that it provides to FSD's officers and directors (and the family members of those individuals). The parties dispute the meaning of §632.32(3)(a)—a dispute regarding statutory interpretation.

14

Because the court's jurisdiction is based on diversity, the court must interpret the statute as it thinks the Wisconsin courts would. <u>Winebow, Inc. v. Capitol-Husting., Inc.</u>, 867 F.3d 862, 868 (7th Cir. 2017). Wisconsin courts begin with the text of the statute. <u>Id.</u> When the meaning is clear from the text, the "inquiry ordinarily ends." <u>Teschendorf v. State Farm Ins. Cos.</u>, 293 Wis. 2d 123, 134 (Wis. 2006). When trying to determine the plain meaning of a statute, the court considers the entire statute, including the "context in which words appear, the structure of the statute, and the purpose of the statute where it is evident from the statutory text." <u>Id.</u> (internal quotes and citations omitted).

> Wisconsin courts look "outside the statute" in three situations:
>
> First, if the meaning of a statute is ambiguous after considering all intrinsic sources, we look to extrinsic sources such as legislative history to find legislative intent. . . . Second, if the meaning of the statute is plain, we sometimes look to legislative history to confirm the plain meaning. . . . Third, if the meaning of the statute appears to be plain but that meaning produces absurd results, we may also consult legislative history.

<u>Id.</u> at 134–35. "A statute is ambiguous if reasonable persons could disagree as to its meaning." <u>State v. Delaney</u>, 259 Wis. 2d 77, 85 (Wis. 2003) (citation omitted). The parties' dispute over the statute's meaning does not render the plain meaning ambiguous. <u>Nat'l Amusement Co. v. Wis. Dept. of Taxation</u>, 41 Wis. 2d 261, 267 (Wis. 1969). "The court should look to the language of the statute itself to determine if 'well-informed persons' should have become confused" as to the statute's meaning. <u>Id.</u>

Wis. Stat. §632.32(3)(a) states that "[c]overage provided to the named insured applies in the same manner and under the same provisions to any

15

person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy." There is no ambiguity here. "In the same manner" indicates that the insurance policy must apply in the same way to both the named insured and "any person using any motor vehicle described in the policy." "Provisions" plainly means the provisions or terms of the insurance policy. So the plain meaning of "in the same manner and under the same provisions" means that any terms in the policy that apply to the named insured also apply to "any person using any motor vehicle described in the policy." The statute cannot fairly be read to extend all coverage without any limitation to any person using a covered vehicle because that would not be providing coverage "in the same manner and under the same provisions" as the named insured.

With this plain meaning in mind, it is clear the defendant is entitled to only $100,000 in UIM coverage. The policy identifies FSD as the "named insured." Dkt. No. 23-2 at 2. In the endorsement describing the policy's UIM coverage, the policy states that the plaintiff "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle'." Id. at 6. Because the named insured is a corporation, the policy states that "[a]nyone 'occupying' a covered 'auto'" is an "insured." Id. at 6–7. The policy states that "directors, officers, partners or owners of the named insured and their 'family members' who qualify as 'insureds'" will receive $500,000 in UIM coverage, while all other persons who qualify as "insureds" will receive $100,000 in UIM coverage. Id. at 10. The

16

policy does not state that the "named insured" is entitled to $500,000 in UIM coverage; it states that certain *individuals* associated with the named insured are entitled to $500,000 in UIM coverage and that all other "insureds" receive the lower amount of coverage. Applying the higher amount of UIM coverage to "any person" using a covered vehicle would not be applying the FSD's coverage in the same way or under the same terms; it would be providing coverage that extends beyond the terms and limits of the policy.

The legislative history of the statute confirms this plain meaning. The Wisconsin Supreme Court's discussion in Brey v. State Farm Mut. Auto. Ins. Co., 400 Wis. 2d 417 (Wis. 2022)—which neither party cites—is helpful in describing the legislative history. In Brey, the Wisconsin Supreme Court analyzed whether an insurer could limit UIM coverage to only insured individuals who sustained bodily injury. Brey, 400 Wis. 2d at 424. The court found that by repealing statutory amendments that required insurers to provide UIM coverage in all policies, the Wisconsin legislature "did not broaden UIM coverage for tort victims, but rather increased coverage flexibility for insurers." Id. at 434. In other words, by repealing the statutory definition of "underinsured motor vehicle," the legislature "expanded insurers' options for contractually defining UIM coverage." Id. at 435. The Supreme Court held that the legislature's intent was to "permit greater limitations on UIM coverage and expand insurer flexibility—goals entirely inconsistent with a mandate that insurers provide UIM coverage to insureds who are not involved in any accident at all." Id. at 436.

Although <u>Brey</u> discusses a different provision of the statute, the court finds this reasoning persuasive. Based on the Wisconsin Supreme Court's analysis, the Wisconsin legislature intended to provide insurers with flexibility to define the scope and extent of UIM coverage they provide. Reading the statute to expand UIM coverage in contravention of the policy's terms would contradict that intent. The court rejects the defendant's argument that Wis. Stat. §632.32(3)(a) requires the plaintiff to provide the same amount of UIM insurance to all individuals covered under the policy, because Wisconsin law "do[es] not prohibit insurers from contractually defining the scope of UIM coverage." <u>Miller v. W. Bend Mut. Ins. Co.</u>, 414 Wis. 2d 246, 269 (Wis. Ct. App. 2024). The defendant is entitled to only $100,000 in UIM coverage.

Having resolved the interpretation of §632.32(3)(a), the court can dispense with the rest of the case. The parties do not dispute that American Family's $100,000 payment to the defendant reduces the applicable UIM limit under the policy by that amount. That means that the defendant already has received the maximum amount of compensation to which he is entitled under the policy's UIM provision. The plaintiff has no further liability to the defendant for the March 29, 2024 accident.

The court will grant summary judgment in favor of the plaintiff, enter the requested declaratory judgment and dismiss the case.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion for summary judgment. Dkt. No. 21.

The court **DECLARES** that the UIM limit applicable to the defendant is $100,000; the applicable $100,000 UIM limit has been reduced to zero by American Family Insurance Company's $100,000 payment; and the defendant is not entitled to any payments under the policy's UIM provisions for the March 29, 2024 accident.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

19